SCANNED at CIC and Emailed on
_12 18 17_ by _VB_ - _8_ pages.
(date)        (initials)   (num)
Received
12-14-17

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA

Civil Action No. 1:17-cv-4663-SEB-DML

**Tyrone Denny,**
        Plaintiff

v.

**Lieutenant Wiggins, Custody, IYC;**

**Lieutenant Kent, Custody, IYC;**

**Capt. Coffee, Custody IYC;**

**Investigator Felkamp, Internal Affairs,**

**Investigator Puliere, Internals Affairs,**

**John Doe 1, Correctional Officer,**

**John Doe 2, Correctional Officer,**

**John Doe 3, Correctional Officer,**

**Jane Doe 1, Correctional Officer,**

**Unit Team Manager Turner,**

                Defendant(s).

**FILED**

**3:09 pm, Dec 18, 2017**

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Laura A. Briggs, Clerk

# CIVIL RIGHTS COMPLAINT

## I. PARTIES

**1. Plaintiff's Information:**

Name and Prisoner Number of Plaintiff: **Tyrone Denny, DOC# 160500**

Present Place of Confinement or Mailing Address: **Correctional Industrial Facility, 5124 West Reformatory Road, Pendleton, Indiana 46064.**

**2. Defendant's Information:**

**Name of Defendant 1: Lieutenant Wiggins**

Title (If applicable): Lieutenant, Custody

Address of Defendant: Plainfield Correctional Facility, 727 Moon Road, Plainfield, IN 46168

**Name of Defendant 2: Lieutenant Kent**

Title (If applicable): Lieutenant, Custody

Address of Defendant: Plainfield Correctional Facility, 727 Moon Road, Plainfield, IN 46168

**Name of Defendant 3: Captain Coffee**

Title (If applicable): Captain

Address of Defendant: Plainfield Correctional Facility, 727 Moon Road, Plainfield, IN 46168

**Name of Defendant 4: Investigator Felkamp**

Title (If applicable):  **Internal Affairs, Investigator**

Address of Defendant: Plainfield Correctional Facility, 727 Moon Road, Plainfield, IN 46168.

**Name of Defendant 5: Investigator Puliere**

Title (If applicable): Internal Affairs, Investigator.

Address of Defendant: Plainfield Correctional Facility, 727 Moon Road, Plainfield, IN 46168

**Name of Defendant 6: John Doe 1**

Title (If applicable): Correctional Officer

Address of Defendant: Plainfield Correctional Facility, 727 Moon Road, Plainfield, IN 46168

**Name of Defendant 7: John Doe 2**

Title (If applicable): Correctional Officer

Address of Defendant: Plainfield Correctional Facility, 727 Moon Road, Plainfield, IN 46168

**Name of Defendant 8: John Doe 3**

Title (If applicable): Correctional Officer

Address of Defendant: Plainfield Correctional Facility, 727 Moon Road, Plainfield, IN 46168

**Name of Defendant 9: Jane Doe 1**

Title (If applicable): Correctional Officer

Address of Defendant: Plainfield Correctional Facility, 727 Moon Road, Plainfield, IN 46168

**Name of Defendant 9: Mr. Turner**

Title (If applicable): Unit Team Manager

Address of Defendant: Plainfield Correctional Facility, 727 Moon Road, Plainfield, IN 46168

## II. JURISDICTION

Jurisdiction is invoked pursuant to 28 U.S.C. § 1331. (*If you wish to assert jurisdiction under additional statutes, you may fill in the title and section below.*)

_____ U.S.C. § _____

_____ U.S.C. § _____

-2-

## III. BASIS FOR CLAIMS

Check any Applicable Item(s):

☒Complaint Under the Civil Rights Act, **42 U.S.C. § 1983** (state, county, or municipal defendants)

☐Complaint under *Bivens v. Six Unknown Federal Narcotics Agents*, **403 U.S. 388 (1971)** (federal defendants)

☐Other (cite statute, if known): **N/A**

## IV. CLAIMS

**Plaintiff Eighth and fourteenth Amendment rights to the United States Constitution were violated when the above-captioned Defendants were deliberately indifferent to a substantial risk of harm, subsequently resulting in Petitioner being assaulted and severely injured.**

1. On September 23, 2015 Plaintiff was released from administrative segregation.

2. Plaintiff was housed in F-South, a dorm known for its violence and gang activity.

3. Before his release from segregation, Plaintiff was visited in segregation by Investigator Felkamp at approximately 2 a.m..

4. It was not customary for Felkamp, as a senior official to visit an offender on the range in segregation.

5. Felkamp informed Plaintiff that they in fact did not want to release him from segregation, and that they had been forced to due to a fight/stabbing in the F-south involving numerous offenders.

6. Lt. Kent and Felkamp communicated that Plaintiff had been placed in F-South deliberately.

7.     Upon his arrival to F-South, Plaintiff was threatened by various offenders on a daily basis.

8.     The aforementioned offenders continuously threatened to rob and stab the Plaintiff.

9.     Plaintiff began to inform staff that there was a credible threat to his safety and he would like to be moved from the dorm.

10.    Plaintiff had multiple conversation with Lt. Wiggins (Wiggins), Lt. Kent (Kent), Capt. Coffee (Coffee), Investigator Felkamp, and Investigator Puliere communicating the threats that had been made against him and asked to be moved.

11.    Plaintiff further sent Lt. Wiggins (Wiggins), Lt. Kent (Kent), Capt. Coffee (Coffee), Investigator Felkamp, and Investigator Puliere multiple requests informing them of the threats and requesting to be moved.

12.    Felkamp, Kent and Coffee stated that despite the threats they refused to move him because they had been instructed by Investigator Puliere to leave him in F-South.

13.    In a conversation, Puliere confirmed this.

14.    Puliere stated that he would remain in F-South until he either was released or transferred to a higher security level facility.

15.    Plaintiff filed at least three (3) grievances based on the above-mentioned facts.

16.    The grievance specialist failed to respond to all, except one, which he summarily dismissed mischaracterizing it as a classification issue.

17.    Plaintiff then filed a classification appeal, which the administration failed to respond to.

18.    On December 17, 2015, upon information and belief, around 7 p.m. C/O's John Doe 1, John Doe 2, John Doe 3, and Jane Doe 1 unlocked three (3) different gates, allowing in four (4) offenders who did not reside in F-South.

19.    It is facility policy that officers must check the I.D.'s of all offenders entering and exiting a unit to ensure that the offenders in fact reside in that particular cell house for the safety and security of the facility.

20.    C/O's John Doe 1, John Doe 2, John Doe 3, and Jane Doe 1 failed to do so.

21.    The four (4) offenders approached Plaintiff who was in the bed sleeping and began to assault and stab him, asking him to open his property box so they could retrieve his commissary.

22. Plaintiff attempted to fight for his life, but was stabbed and beaten by the four (4) assailants for over an hour.

23. Eventually the four (4) assailants procured Plaintiff's property and when the recreation line returned exited the housing unit.

24. Plaintiff was severely beaten and lay on his bed unconscious during count.

25. Upon information and belief, it is facility policy for custody staff to awake each offender to have them present their I.D. to ensure 1) that the offender is who he is supposed to be; 2) is where he is supposed to be; and 3) that the offender is in fact alive and breathing.

26. Custody staff conducting the count failed to do so.

27. Plaintiff sustained extensive blunt force injuries to the face and head in the assault.

28. Plaintiff's injuries would have been blatantly apparent had staff conducted the requisite check.

29. Plaintiff was approached several times from 3 a.m. until the time he was taken to the infirmary by C/O John Doe in his bed area

30. Plaintiff was approached multiple times from 3 a.m. until the time he was taken to the infirmary by C/O John Doe in his bed area.

31. Over eleven (11) hours elapsed before Plaintiff taken to the infirmary December 18, 2015 at approximately 6 a.m.

32. Despite the severity of his injuries Plaintiff was forced to go to the administration building to speak to Internal Affairs investigators and shift supervisors, who took pictures.

33. Plaintiff was later rushed to Eskenazi Hospital by ambulance due to the severity of his injuries.

34. Plaintiff sustained at least fourteen (14) stab wound in the assault, along with extensive blunt force trauma to the head.

35. Plaintiff remained hospitalized for four (4) days.

36. Four (4) offenders were charged and convicted for the assault via prison disciplinary proceedings.

## V. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? ☐Yes ☒No.

If your answer is "Yes," describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits using this same format on a blank sheet which you should label "V. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF.")

a. Parties to previous lawsuit:

    Plaintiff(s):**N/A**

    Defendant(s): **N/A**

b. Name and location of court and docket number **N/A**

c. Disposition of lawsuit. (For example, was the case dismissed? Was it appealed? Is it still pending?) **N/A**

d. Issues raised: **N/A**

e. Approximate date of filing lawsuit: **N/A**

f. Approximate date of disposition: **N/A**

2. I have previously exhausted available administrative remedies regarding the events or acts complained of in Part II of this complaint. Yes ☐No

If your answer is "Yes", briefly describe how relief was sought and the result:

☒

      **Plaintiff filed numerous grievances prior to the assault asking to be moved. Following the assault Plaintiff filed several more grievances within the time-limits proscribed by IDOC procedure. The administration willfully failed to respond to said grievances. Plaintiff was housed in segregation following his return from the hospital and officials at Plainfield Correctional Facility, at the direction of Internal Affairs investigators, restricted his access to the law library, telephone and j-pay electronic kiosk until his was subsequently transferred to the Secure Confinement Unit at Wabash Valley Correctional Facility. Plaintiff then attempted to exhaust his administrative remedies. Officials at Wabash Valley Correctional Facility informed Plaintiff that the grievances must be filed with officials at Plainfield Correctional Facility. Plaintiff then mailed the aforementioned grievances to officials at PCF who willfully failed to respond.**

## VI. PREVIOUSLY DISMISSED ACTIONS OR APPEALS

1. If you are proceeding under 28. U.S.C. §1915, please list each civil action or appeal you have brought in any court of the United States while you were incarcerated or detained in any facility, that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Please describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on a blank sheet which you should label "VI. PREVIOUSLY DISMISSED ACTIONS OR APPEALS."

a.      Parties to previous lawsuit:

   Plaintiff(s): **N/A**

   Defendant(s):  **N/A**

b.      Name and location of court and docket number: **N/A**

c.      Grounds for dismissal:
   ☐frivolous ☐malicious ☐failure to state a claim upon which relief may be granted

d.      Approximate date of filing lawsuit: **N/A**

e.      Approximate date of disposition: **N/A**

## VII. REQUEST FOR RELIEF

I request the following relief:  **Plaintiff requests a declaratory judgment from the defendants stating that they violated his Eighth Amendment rights; injunctive relief requiring PCF officials to reasonably respond to threats to offenders housed at the facility; seven hundred and fifty thousand ($750,000) dollars in damages; punitive damages as determined by the Court; and any and all other relief deemed just and proper within the premises.**

/S/ *Tyrone Denny*
**Tyrone Denny, Plaintiff**

# DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is **true and accurate.**
Executed at Correctional Indust. Facility on 12/4/17.

/S/ *Tyrone Denny*
**Tyrone Denny, Plaintiff**

**Plaintiff demands a trial by jury.** ☒Yes ☐No